UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Kandie Guy, | : |
| Plaintiff, | : Civil Action No.: 2:13-cv-00032 |
| v. | : JUDGE: |
| CCB Credit Services, Inc.; and DOES 1-10, inclusive, | : MAGISTRATE JUDGE: |
| Defendants. | : |

## COMPLAINT

For this Complaint, the Plaintiff, Kandie Guy, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Kandie Guy ("Plaintiff"), is an adult individual residing in Pierrepart, Louisiana, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, CCB Credit Services, Inc. ("CCB"), is an Illinois business entity with an address of 5300 South Sixth Street, Frontage Road East, Springfield, Illinois 62703, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by CCB and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. CCB at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to CCB for collection, or CCB was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. CCB Engages in Harassment and Abusive Tactics

12. Since approximately 2010, Plaintiff has been making monthly payments on the Debt pursuant to an agreement with the Defendants.

13. Plaintiff called Defendants in August 2012 to request that Defendants not automatically withdrawal Plaintiff's monthly payment that month due to damage caused by Hurricane Isaac.

14. Defendants agreed, but attempted to intimidate Plaintiff into making a lump-sum payment on the Debt by advising that the Debt would be transferred to a different debt collector in September 2012, and that Defendants would have no control over what happened next.

15. The next day, Defendants contacted Plaintiff and offered to settle the Debt for a lump-sum payment of $600.00 prior to transferring it to a different debt collector. Plaintiff advised that she did not have $600.00 to settle the Debt.

16. Plaintiff subsequently offered Defendants $400.00 to settle the Debt. However, Defendants rejected Plaintiff's offer.

17. In or around September 2012, Plaintiff called Defendant to request that the automatic payment to Defendants be lowered by $40.00.

18. Using a loud and aggressive tone, Defendants questioned Plaintiff extensively as to why she needed to make a lower monthly payment. Defendants questioned Plaintiff's marital relationship and called the Plaintiff irresponsible and immature in an effort to shame and intimidate Plaintiff into making an immediate payment on the Debt.

19. Referencing the earlier settlement offer, Defendants stated that they would make the original creditor aware that Plaintiff was withholding $400.00 from the Defendants and that Plaintiff's wages would be garnished and would take other legal action, without actually intending to do so.

C. **Plaintiff Suffered Actual Damages**

20. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

23.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representations or means in connection with the collection of a debt.

25.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened Plaintiff with garnishment if a debt was not paid.

26.     The Defendants' conducted violated The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

27.     The Defendants' conduct violated 15 U.S.C. § 1692e(6) in that Defendants misled the Plaintiff into believing that the sale or transfer of the Debt would cause the Plaintiff to lose a claim or defense to payment of the Debt.

28.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

29.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

32. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

33. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Louisiana.

34. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 8, 2013

                                                          Respectfully submitted,

                                                          By: _  */s/ Kenneth D. McLean*_____
                                                          Kenneth D. McLean, Esq. (LSB No. 30190))
                                                          THE McLEAN LAW FIRM, LLC
                                                          P.O. Box 38161
                                                          Germantown, TN 38183-0161
                                                          Telephone: (901) 326-6888
                                                          Facsimile: (901) 531-8102
                                                          Attorneys for Plaintiff

                                                          Of Counsel To:

                                                          LEMBERG & ASSOCIATES L.L.C.
                                                          1100 Summer Street, 3rd Floor
                                                          Stamford, CT 06905
                                                          Telephone: (203) 653-2250
                                                          Facsimile:  (203) 653-3424